# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4288**
**(410) 962-3844 FAX**

January 13, 2022

Arjun K. Murahari, Esq.
Mignini Raab Demuth & Murahari, LLP
429 S. Main Street
Bel Air, MD 21014

Leah F. Golshani, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject:   Melinda S. v. Kilolo Kijakazi, Acting Commissioner, Social Security
Administration
Civil No.: BPG-20-3521

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 13), defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 18), and plaintiff's Response to defendant's Motion for Summary Judgment ("plaintiff's Reply") (ECF No. 21). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 13) and defendant's Motion (ECF No. 18) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I.      Background

On August 29, 2018, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on March 7, 2016. (R. at 154-55). Her claim was initially denied on December 12, 2018 (R. at 89-92), and on reconsideration on May 16, 2019 (R. at 96-99). After a hearing held on April 24, 2020, an Administrative Law Judge ("ALJ") issued a decision on May 11, 2020, denying benefits based on a determination that plaintiff was not disabled. (R. at 16-38). The Appeals Council denied plaintiff's request for review on October 16, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 2-7). Plaintiff challenges the Commissioner's decision on the grounds that the ALJ failed to properly evaluate plaintiff's fibromyalgia in accordance with Social Security Ruling ("SSR") 12-2p.

## II.     Discussion

Plaintiff argues that the ALJ failed to apply the rules and requirements of SSR 12-2p when considering plaintiff's fibromyalgia. (ECF No. 13-1 at 9-17). "Fibromyalgia is assessed using a

Melinda S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3521
January 13, 2022
Page 2

two-step framework." India G. v. Kijakazi, No. DLB-20-1704, 2021 WL 3930430, at *1 (D. Md. Sept. 1, 2021), citing 20 C.F.R. § 404.1529; SSR 12-2p, 2012 WL 3104869 (July 25, 2012).  First, the ALJ determines whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged.  20 C.F.R. § 404.1529(b).  Second, if the ALJ finds a medically determinable impairment, the ALJ evaluates the intensity and persistence of the claimant's symptoms by considering the record of evidence in its entirety.  Id. § 404.1529(c).  At this second stage, the ALJ typically considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms. Id.  The Fourth Circuit determined, however, that "[b]ecause '[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of . . . fibromyalgia . . . ALJs may not rely on objective medical evidence (or lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia."  Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 97 (4th Cir. 2020).

In this case, the ALJ found that plaintiff's fibromyalgia was a severe impairment at step two, in addition to several other impairments.  (R. at 16).  In plaintiff's RFC, the ALJ noted that plaintiff testified to pain in her feet, hands, and back, joint stiffness, headaches, drowsiness, upset stomach, and fatigue, among others.  (R. at 19).  The ALJ determined, however, that plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (R. at 20).  Specifically, the ALJ discussed that "objective evidence of record does not reflect that [plaintiff's] physical disorders have been more severe than found herein," citing normal imaging results, physical examinations indicating normal gait, and unremarkable laboratory tests.  (R. at 20-21).  The ALJ also noted that plaintiff's record reflected that "treatments have been successful in controlling [plaintiff's] symptoms, including her pain.  (R. at 21).  Overall, the ALJ found that plaintiff could perform light work with additional restrictions due to "unremarkable or improving diagnostic studies, other objective evidence showing less persistent symptoms and restrictions than alleged, and evidence of effective treatments."  (R. at 21-22).

This analysis directly contravenes the Fourth Circuit's ruling in Arakas because "[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of . . . fibromyalgia, based on the current medical understanding of the disease." Arakas, 983 F.3d at 97.  Although the ALJ also noted that plaintiff's effective treatment was considered in determining her RFC, the Fourth Circuit has "previously held that ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record." Id. (citing Hines v. Barnhart, 453 F.3d 559, 563, 565-66 (4th Cir. 2006), Lewis v. Berryhill, 858 F.3d 858, 866, 868 n.3 (4th Cir. 2017)).  Accordingly, remand is warranted for the ALJ to properly analyze plaintiff's fibromyalgia and related subjective complaints in accordance with existing precedent, including Arakas and SSR 12-2p.

Melinda S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3521
January 13, 2022
Page 3

### III.   Conclusion

For the reasons stated above, plaintiff's Motion (ECF No. 13) and defendant's Motion (ECF No. 18) are DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,


/s/
Beth P. Gesner
Chief United States Magistrate Judge